UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY D. MATTIS, | No. 2:25-cv-01704 SCR P |
| Plaintiff, | |
| v. | ORDER |
| JUSTIN GIBBS, et al., | |
| Defendants. | |

Plaintiff is a former state inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. He requested leave to proceed without paying the full filing fee for this action, under 28 U.S.C. § 1915. (ECF No. 2.) Plaintiff's declaration shows that he cannot afford to pay the entire filing fee. See 28 U.S.C. § 1915(a)(2). Accordingly, plaintiff's motion to proceed in forma pauperis is granted.

Also pending before the court is plaintiff's complaint for screening. (ECF No. 1.) For the reasons set forth below, plaintiff's complaint fails to state a claim upon which relief can be granted. Plaintiff will be given leave to file an amended complaint.

**STATUTORY SCREENING OF PRISONER COMPLAINTS**

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In performing this screening function, the court must dismiss any claim that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief

1

from a defendant who is immune from such relief." Id. § 1915A(b).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**PLAINTIFF'S COMPLAINT**

**I.    Factual Allegations of the Complaint**

Plaintiff's complaint concerns his detention in the Glenn County Jail and subsequent transfer to the custody of the California Department of Corrections and Rehabilitation ("CDCR"). (ECF No. 1.)  The complaint names nineteen (19) defendants: (1) Glenn County Sheriff Justin Gibbs; (2) Glenn County Under Sheriff Travis Goodwin; (3) Jail Lt. Deck; (4) Jail Sgt. Melgarejo; (5) Jail Corporal Berleir; (6) Jail Deputy Ayers; (7) Jail Deputy Martinez; (8) Jail Deputy Reynolds; (9) Jail Deputy Sassman; (10) Jail Deputy Perciado; (11) Jail Deputy Sanchez; (12) Jail Deputy R. White; (13) Jail Deputy Peterson; (14) Jail Deputy White; (15) Glenn County Personnel Director Linda Durrer; (16) Glenn County Supervisor Jim Yoder; (17) Glenn County Supervisor Grant Carmon; (18) Glenn County Supervisor Monica Rossman; and (19) Glenn

County Supervisor Tom Arnold. (Id. at 2.)

Plaintiff alleges that on June 7, 2023, he was booked into the Glenn County Jail. (ECF No. 1 at 4.) Between June 7, 2023, and November 13, 2023, while incarcerated there, he filed several citizens' complaints pursuant to California Penal Code § 832.1, logged grievances, and filed petitions for writ of habeas corpus (Case #22CR16955).[1] All were handwritten by plaintiff. (Id.) Plaintiff filed the legal documents by legal mail and sent them directly to defendants between June 7, 2023, and November 13, 2023. Some of were at different stages of preparation for filing. Plaintiff made handwritten duplicates for his records. (Id.) While incarcerated in Glenn County, plaintiff stored handwritten legal documents in a yellow legal manila envelope clearly marked "legal work" with his full name and case number, #22CR16955. (Id.)

Plaintiff further alleges that on the night of November 12, 2023, he was ordered by defendants to booking from A-pod, his assigned housing, to a holding cell with his cellmate W. Deniz. (ECF No. 1 at 5.) Defendants then packed all of plaintiff's personal property into a plastic bag. Plaintiff alleges this was an act of conspiracy to unlawfully confiscate his legal documents. (Id.) Defendants hurriedly rummaged through the legal documents, removing everything from the manila envelopes and taking all handwritten legal documents from plaintiff's possession prior to his transportation to CDCR custody. (Id.) Plaintiff alleges defendants premeditated this unlawful act. (Id.)

Plaintiff was transferred to Butte County Jail on November 13, 2023, for CDCR bus transportation. (ECF No. 1 at 5.) Plaintiff alleges defendants confiscated his legal documents the night before his transport to CDCR to deliberately prevent his access to due process, and that it is unprecedented for an inmate to be ordered to booking and held in a holding cell all night before transport to prison. (Id. at 5-6.) Another inmate scheduled for transport with plaintiff was in booking at 5:00 a.m. or so and defendants did not pack his belongings or confiscate his legal work. (Id. at 6.) When plaintiff was shackled for transport, he was not allowed socks to protect his ankles. The other inmates were allowed socks. (ECF No. 1 at 6.) When plaintiff arrived at

---

[1] Plaintiff cites to the documents as exhibits throughout his complaint, but no such exhibits are attached.

3

Butte County, his ankles were bleeding. (Id.) Plaintiff notified medical upon arrival at Wasco State Prison. (Id.)

Plaintiff seeks an order directing defendants to provide all legal documents confiscated on November 12, 2023, and produce recordings from the unlawful seizure of his property. (ECF No. 1 at 7.) Plaintiff asks that defendants be ordered to put in place training, rules and regulations, procedures, and policies for prevention of these civil rights violations, and be subjected to court oversight. (Id.) Plaintiff seeks to be compensated for his injuries. (Id.) Finally, plaintiff seeks the appointment of counsel due to the scope and complexity of his case. (Id.)

## LEGAL STANDARDS

### I.    42 U.S.C. § 1983

A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of "rights, privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity, including a municipality, acting under the color of state law. 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must show that (1) a defendant acting under color of state law (2) deprived plaintiff of rights secured by the Constitution or federal statutes. Benavidez v. County of San Diego, 993 F.3d 1134, 1144 (9th Cir. 2021).

### II.    Linkage

Section 1983 requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978); Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Plaintiff may demonstrate that connection by alleging facts showing: (1) a defendant's "personal involvement in the constitutional deprivation," or (2) that a defendant set "in motion a series of acts by others" or "knowingly refus[ed] to terminate a series of acts by others, which [the defendant] knew or reasonably should have known would cause others to inflict a constitutional injury." Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (quotation marks and citation omitted).

The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates

in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

### III. Municipal Liability

Municipalities are considered "persons" under 42 U.S.C. § 1983 and therefore may be liable for causing a constitutional deprivation. Monell, 436 U.S. 691, 694; Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). However, municipalities cannot be held vicariously liable under § 1983 for the actions of their employees. Monell, 436 U.S. at 691. "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694.

To properly plead a Monell claim based on an unconstitutional custom, practice, or policy, plaintiff must show that the government "had a deliberate policy, custom, or practice that was the moving force behind the constitutional violation [plaintiff] suffered." AE ex rel. Hernandez v. County of Tulare, 666 F.3d 631, 636 (9th Cir. 2012) (quotation marks and citation omitted). Plaintiff must also show that the policy or custom of the government "reflects deliberate indifference" to plaintiff's constitutional rights. Castro v. County of Los Angeles, 833 F.3d 1060, 1073 (9th Cir. 2016) (en banc) (quotation marks and citation omitted). Unless the challenged policy is in writing, the municipal policy at issue must be the result of a "'longstanding practice or custom which constitutes the standard operating procedure of the local government entity.'" Price v. Sery, 513 F.3d 962, 966 (9th Cir. 2008) (quoting Ulrich v. City & Cnty. of San Francisco, 308 F.3d 968, 984-85 (9th Cir. 2002) (quotation omitted)).

## DISCUSSION

### I. Failure to State a Claim

Plaintiff's complaint does not identify the federal statutory or constitutional right allegedly violated by defendants. The undersigned liberally construes the complaint as raising two possible constitutional violations:

(1) A violation of plaintiff's right of access to the courts protected by the First Amendment's

        right to petition the government and the Fourteenth Amendment right to substantive due process, see Silva v. Di Vittorio, 658 F.3d 1090, 1103 (9th Cir. 2011) (overruled on other ground as recognized in Richey v. Dahne, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015)); and/or

(2)  A deprivation of his legal property in violation of the Due Process Clause of the Fourteenth Amendment, see Hudson v. Palmer, 468 U.S. 517, 532 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985).

        However, under either theory, plaintiff's claims fail for inadequate linkage. Although the form portion of the complaint identifies nineteen defendants, its statements of claim do not allege any defendant's personal participation. The complaint only attributes the alleged violations to "defendants" as a collective. (See, e.g., ECF No. 1 at 5 (describing "defendants unlawful act of confiscating my legal documents"; id. at 6 (listing injuries "perpetuated by Defendants")).) Even under a liberal construction of the complaint, the undersigned is left to guess which claims plaintiff intended to allege against whom. Moreover, some of the defendants are Glenn County Supervisors who could not plausibly have participated in the allegedly unlawful acts. A complaint is subject to dismissal under Rule 8(a)(2) of the Federal Rules of Civil Procedure where it fails to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (citation omitted). Accordingly, plaintiff's complaint fails to state any cognizable claims for relief.

        **II.**    **Leave to Amend**

        Having conducted the screening required by 28 U.S.C. § 1915A, the court finds that the complaint does not state a valid claim for relief pursuant to the First or Fourteenth Amendments. The complaint fails for inadequate linkage, which means that plaintiff has not pled facts describing any of the defendants' personal participation in the violation of his rights. Because of these defects, the court will not order the complaint to be served on defendants.

        Plaintiff may try to fix these problems by filing an amended complaint. The amended complaint must allege in specific terms how each named defendant violated plaintiff's rights.

"Defendant #1 did X, Defendant #2 did Y," and so forth. Plaintiff is advised that "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court will not refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes any prior complaints. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted). Once plaintiff files an amended complaint, any previous complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A(b)(1), and will not be served.

3. Within thirty (30) days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of 42 U.S.C. § 1983, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case, **2:24-cv-01704 SCR**, and must be labeled **"First Amended Complaint."**

4. Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: August 21, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

7