UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY D. MATTIS, | No. 2:25-cv-01704 SCR P |
| Plaintiff, | |
| v. | ORDER and |
| JUSTIN GIBBS, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff, who was formerly incarcerated in state prison, is proceeding pro se and in forma pauperis with this civil rights action under 42 U.S.C. § 1983. On August 21, 2025, the undersigned screened plaintiff's complaint and found it failed to state any cognizable claims for relief. (ECF No. 10.) Plaintiff was granted thirty (30) days to file an amended complaint. (Id. at 7.) Plaintiff was further advised that failure to file an amended complaint would result in the recommendation that the action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (Id.)

The time for plaintiff to amend his complaint has now passed, and plaintiff has not filed an amended complaint or otherwise responded to the screening order. Accordingly, the undersigned recommends that the action be dismissed for failure to prosecute and failure to comply with a court order. See Fed. R. Civ. P. 41(b); Local Rule 110.

In recommending dismissal, the court has considered: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (citation omitted).

"The public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). The court's need to manage its docket also weighs in favor of dismissal, particularly given the heavy caseload in this District. The third factor is neutral given no defendants have appeared, but "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). The public policy favoring disposition of actions on the merits weighs against dismissal, but when "standing alone … is not sufficient to outweigh the other four factors." Leon v. IDX Sys. Corp., 464 F.3d 951, 961 (9th Cir. 2006). The undersigned has also considered less drastic alternatives and concludes that dismissal without prejudice is appropriate.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a district judge to this matter.

In addition, IT IS RECOMMENDED that the action be dismissed without prejudice for failure to prosecute, Fed. R. Civ. P. 41(b), and failure to comply with a court order, Local Rule 110.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 14, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE